UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANET CONNORS, KEVIN KRUPCHECK,
CHRIS MAGNA, WILLIAM MAZAKA,
LOTMAX PARAISON, DENNIS ROBINSON,
DAVID ROURKE, TIFFANI RUSSELL,
ALISON SHEEHAN, ANGELA RITA
WATSON
Plaintiffs

v.

CITY OF MEDFORD
Defendant.

# COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff Janet Connors is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

2. Kevin Krupcheck is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

3. Chris Mangan is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

4. William Mazaka is a resident of Stoneham, Middlesex County, Commonwealth of Massachusetts.

5. Lotmax Paraison is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

6. Tiffani Russell is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

7. Alison Sheehan is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

8. Dennis Robinson is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

9. David Rourke is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

10. Angela Rita Watson is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

11. Plaintiffs are employed as security staff by Defendant Medford in the Medford Public Schools, which is an agency of Defendant Medford.

12. At all times relevant hereto, Plaintiffs and all similarly situated employees have been represented in collective bargaining by Teamsters, Local 25, and the terms and conditions of their employment, including their hours of work, wages for straight time work, and wages for work performed outside their regularly scheduled hours of work, have been established by collective bargaining, and set forth in duly bargained for collective bargaining agreements.

13. The most recent collective bargaining agreement, for the period July 1, 2018 through June 30, 2021 will hereinafter be referred to as the "2018-21 CBA."

14. The previous CBA was in effect from July 1, 2015 to June 30, 2018, and will be referred to hereinafter as the "2015-18 CBA."

15. Hereinafter, the 2018-21 CBA and 2015-18 CBA will be referred to collectively as "the CBAs."

## SUBJECT MATTER JURISDICTION

16. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, federal question.

## COUNT I
### Violation of 29 U.S.C. § 207(a) ("FLSA Overtime")
### Failure to Include Remuneration in the Regular Rate for the Purpose of FLSA Overtime

17. Plaintiffs repeat all allegations made herein.

18. Defendant Medford's employment of Plaintiffs and similarly situated employees is subject to the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 206 and § 207 ("the FLSA").

19. The overtime requirement of the FLSA requires Defendant Medford to pay Plaintiffs overtime pay at 1.5 times their "regular rate of pay" for all hours they work in excess of 40 hours worked in their regularly recurring seven-day workweeks. 29 U.S.C. § 207(a)(1).

20. Hereinafter, the overtime Medford is required to pay Plaintiffs under the FLSA will be referred to as "FLSA Overtime."

21. Under the FLSA, the "regular rate" upon which FLSA Overtime must be based is an hourly rate of pay that is calculated by dividing an employee's total earnings in his normally recurring seven-day workweek by the number of hours the employee actually worked in the workweek.

22. With certain exceptions not applicable here, total earnings for the regular rate calculation include not just straight time earnings, but "all remuneration for employment paid to, or on behalf of, the employee . . .." 29 U.S.C. § 207(e).

23. At times relevant hereto, the CBAs covering Plaintiffs and similarly situated employees have required Defendant Medford to pay Plaintiffs and similarly situated employees forms of remuneration, in addition to their straight time wages, which the FLSA required Defendant Medford to include in its regular rate calculations when calculating FLSA Overtime due Plaintiffs and similarly situated employees under the FLSA, including:

   a. a 10% differential for "full night shifts established by the School Committee beginning at or after 2 p.m. and ending on or before 8 a.m. Monday through Friday and for Saturday and Sunday shifts"

   b. "longevity payments" in amounts that increase based on the employee's years of service;

   c. lump sum sick leave incentives based on sick leave usage; and

   d. an annual uniform allowance.

24. During times relevant hereto, however, in the workweeks in which Plaintiffs have earned these forms of remuneration, Defendant Medford has not included them in calculating FLSA Overtime payments due Plaintiffs, because it has not included them when calculating the regular rate required by the FLSA.

25. By its failure to include these forms of remuneration in calculating FLSA Overtime due Plaintiffs and similarly situated employees, Defendant Medford has underpaid Plaintiffs wages due and owing them, thereby violating the FLSA, and causing Plaintiffs to suffer harm, injury, and damages.

## COUNT II
**Failure to Make Timely Payment of FLSA Overtime-Violation of the FLSA**

26. Plaintiffs repeat all allegations made in this complaint.

27. The FLSA requires FLSA Overtime to be paid in the pay period in which it is earned.

28. Because Defendant Medford does not make a proper regular rate calculation, it does not pay the FLSA Overtime due Plaintiffs in the pay periods in which they earn it, in violation of the FLSA.

29. Defendant Medford's violation of the law has harmed injured and damaged Plaintiffs.

## COUNT III
**COLLECTIVE ACTION ALLEGATIONS
UNDER 29 U.S.C. § 216(b)**

30. Plaintiffs seek to bring their FLSA Claims under Counts I and II on behalf of themselves and all those similarly situated individuals pursuant to § 216(b) of the FLSA. Plaintiffs are similarly situated because as unionized employees, their terms and conditions of employment are subject to a collective bargaining agreement and uniformly implemented personnel policies. As set forth below, Plaintiffs and similarly situated employees were all subject to Defendant Medford's illegal practices under the FLSA. Written consents are attached hereto pursuant to § 216(b) of the FLSA.

31. Attached hereto as Exhibit 1 are the FLSA Consent forms of the Plaintiffs named herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follow:

A. An order allowing this action to proceed as a representative collective action under the FLSA, 29 U.S.C. § 216(b);

B. Judgment awarding Plaintiffs and all similarly situated employees all unpaid FLSA Overtime, liquidated damages, attorney's fees and costs as mandated under the FLSA, 29 U.S.C. § 216(b);

C. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

D. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

## JURY DEMAND

A trial by jury is demanded on all counts so triable.

>Respectfully submitted,
>
>PLAINTIFFS,
>
>By their Attorney,
>
>s/Daniel W. Rice
>Daniel W. Rice, BBO # 559269
>Harrington & Rice, P.C.
>738 Main Street
>Hingham, Massachusetts 02043
>(781) 964-8377 (mobile)
>dwr@harringtonrice.com

Dated: October 26, 2021